■ MARTIN PALMA et al., Plaintiffs, v BEN CAL ASSOCIATES et al., Defendants, Third-Party Plaintiffs, and Second Third-Party Plaintiffs. ALAN S. SCHWARTZBERG PLUMBING AND HEATING, INC., Third-Party Defendant-Appellant; LARRS CONSTRUCTION, INC., Second Third-Party Defendant-Respondent.— In an action to recover damages for personal injuries and loss of services, the third-party defendant Alan S. Schwartzberg Plumbing and Heating, Inc. appeals from an order of the Supreme Court, Nassau County (Burstein, J.), dated September 9, 1988, which granted the motion of the second third-party defendant Larrs Construction, Inc. to dismiss the first cross claim of the third-party defendant Alan S. Schwartzberg Plumbing and Heating, Inc. for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The main action is for the recovery of damages for the personal injuries of the plaintiff Martin Palma and for his wife's claim for loss of his services. Martin Palma was allegedly injured while in the employ of the third-party defendant Alan S. Schwartzberg Plumbing and Heating, Inc. (hereinafter Schwartzberg) and while working on premises owned by the defendants. The defendants impleaded Schwartzberg and thereafter impleaded Larrs Construction, Inc. (hereafter Larrs) in a second third-party action. Schwartzberg subsequently cross-claimed against Larrs, *inter alia,* for "all amounts paid or to be paid as Workers' Compensation expenses and medical benefits to the extent that this third-party defendant is not reimbursed for same pursuant to the lien

created by Workers' Compensation Law, Section 29 (1)" (to the extent of Larrs' proportionate share of liability). This cross claim purports to state a cause of action by Schwartzberg in subrogation of the workers' compensation lienor, for the recovery of any prospective deficiency between the workers' compensation benefits paid or to be paid and the net recovery of the plaintiff. Included in such deficiency is the lienor's proportionate share of the litigation costs, as provided by Workers' Compensation Law § 29 (1).

The second third-party defendant Larrs moved to dismiss this cross claim on the ground that it failed to state a cause of action as a matter of law. The Supreme Court granted the motion.

We agree that Schwartzberg's first cross claim fails to state a basis upon which legal relief may be granted under New York law (see, CPLR 3211 [a] [7]). The extent of the relief afforded a payor of workers' compensation benefits under the Workers' Compensation Law is the statutorily mandated lien which such payor has in the net proceeds of an action brought on behalf of the employee against third parties (see, Workers' Compensation Law § 29 [1]). Insofar as workers' compensation is a creature of statute, whatever rights the respective parties have thereunder must be found therein. Since the statute has made no provision for the recovery by the lienor of any deficiencies as herein sought by Schwartzberg, there can be no such cause of action. Mangano, P. J., Brown, Kooper and Harwood, JJ., concur.